UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TIMOTHY REYNOLDS, for himself and
others similarly situated,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

BOURBON STREET PUB, INC., a Florida corporation,
NEW ORLEANS HOUSE OF KEY WEST, INC., a Florida
corporation, and JOSEPH J. SCHROEDER, an individual,

Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TIMOTHY REYNOLDS, on behalf of himself and other similarly situated employees, files this Complaint against the Defendants, BOURBON STREET PUB, INC. (hereinafter, "BOURBON"), NEW ORLEANS HOUSE OF KEY WEST, INC. (hereinafter, "NEW ORLEANS") and JOSEPH J. SCHROEDER (hereinafter, "SCHROEDER"), and states as follows:

### INTRODUCTION

1. This lawsuit seeks to recover unpaid overtime and minimum wages, liquidated damages, compensatory damages in the amount of unlawfully retained tips, attorneys' fees, costs and expenses, and all other relief the Court deems appropriate for the Plaintiff and other similarly situated bartenders who worked for the Defendants.

2. The Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Florida Minimum Wage Amendment, ("FMWA"), Article

X, §24 of the Florida Constitution, and Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages for himself and others similarly situated. The Plaintiff brings this action pursuant to the FLSA to recover unpaid overtime wages, both for himself and other employees similarly situated.

## JURISDICTION

3. The FLSA, and the FMWA provide this Court with jurisdiction over the minimum wage claims herein.

4. This Court also has original jurisdiction over the unpaid overtime wage claims asserted herein pursuant to 29 U.S.C. §201 *et seq.*, 29 U.S.C. 216(b), 28 U.S.C. §§ 1331, and has supplemental jurisdiction over the FMWA claims pursuant to 28 U.S.C. §1367.

5. At all times pertinent to this Complaint, the corporate Defendants were "enterprise[s] engaged in interstate commerce," as defined by the FLSA. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendants have employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

7. During the relevant time period, the corporate Defendant BOURBON had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

8. During the relevant time period, the corporate Defendant NEW ORLEANS had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

9. Alternatively, BOURBON and NEW ORLEANS were a unified enterprise for the purpose of determining the annual gross volume of sales made and business done, and as a unified enterprise their combined annual gross volume of sales made and business done was in excess of $500,000.00.

10. The Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. Specifically, on a regular and recurrent basis, the Plaintiff and other bartenders, handled food and beverages as part of their food/beverage serving duties that were manufactured outside the State of Florida.

## VENUE

11. Venue is proper in the Southern District of Florida, as the Defendants do business in Key West, Florida, in Monroe County, the Plaintiffs performed worked for the Defendants in the Southern District of Florida, and it is the place where the cause of action occurred.

## PARTIES

12. From or about mid-November 2009 to about November 18, 2016, Plaintiff, REYNOLDS was employed by the Defendants as a bartender.

13. Defendants employed the Plaintiff and other similarly situated bartenders to sell and serve drinks to Defendants' customers.

3

14. At all times material hereto, the Defendants jointly employed the Plaintiff and other similarly situated bartenders.

15. At all times material hereto, REYNOLDS, was and continues to be a resident of Key West, Florida in the Southern District of Florida.

16. At all times material hereto, Plaintiff REYNOLDS was an "employee" of the Defendants within the meaning of the FLSA and FMWA.

17. The Plaintiff is a covered employee within the meaning of the FLSA and FMWA.

18. The Defendants jointly own and operate a pub, BOURBON, and adjacent motel in Key West, Florida.

19. During the period of the Plaintiff's employment, and those of other similarly situated bartenders, the Defendants had control over their working conditions and over the unlawful policies or practices alleged herein.

20. During the relevant time period, each Defendant was an employer within the meaning of the FLSA and the FMWA.

21. Defendant, SCHROEDER was an owner of and manager for the corporate Defendants, and was involved in the day-to-day operations of the Defendant companies and/or was, ultimately, responsible for the supervision of Plaintiff and other similarly situated employees. Therefore, he is personally liable for the violations alleged herein.

22. Defendant, SCHROEDER was directly involved in setting policies and practices affecting employee compensation and/or hours worked by Plaintiff and other employees similarly situated.

23. Because during the times relevant to the Complaint, other bartenders have been subjected to the same wrongful pay practices and policies, described herein, the Plaintiff seeks to

bring this action as a class action as to the Florida minimum wage claims, and collective action as to the FLSA claims.

**FACTUAL ALLEGATIONS**

24. Article X, §24 of the Florida Constitution sets forth Florida's minimum wage law. The Florida Constitution requires employers to pay employees wages that are no less than the minimum wage for all hours worked. *Id.* at § 24(c).

25. Under the FLSA, 29 U.S.C. §203(m), and therewith Fla. Const. Art. X, §24, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") if (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with exception of a valid tip pool among employees who customarily and regularly receive tips. *See* Fla. Const., Art. X, §24(c); 29 U.S.C. § 203(m). If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

26. Moreover, pursuant to Fla. Const. Art. X, §24(e), if an employer does not allow a tipped employee to retain all tips with the exception of a valid tip pool, the tipped employee is entitled to seek other "legal or equitable relief as may be appropriate to remedy the violation," including compensatory damages from the employer for the tips that were improperly taken.

27. The Plaintiff, and other similarly situated bartenders were hourly paid, "tipped" employees.

28. During the Plaintiff's employment as well as those of and others bartenders, the Defendants claimed a "tip credit" for the Plaintiff and other bartenders, and paid them $3.02 less than the Florida minimum wage for hours worked.

29. The FMWA incorporates the FLSA's requirements for taking a tip credit.

30. Defendants had a policy or practice wherein Defendants retained a portion of the tips of bartenders, including the Plaintiff and others similarly situated, when there was an alleged shortage in the Defendants' cash register, when patrons "walked out" without paying their bill, or when a credit card was declined.

31. The Defendants unlawfully availed themselves of a "tip credit" under the FLSA.

32. Defendants failed to meet all the legal requirements for taking a tip credit.

33. The Defendants also had a policy or practice of not allowing bartenders to "clock in" during certain shifts worked at NEW ORLEANS and/or BOURBON, thereby insuring they would not be paid anything for those hours worked

34. Since Defendants were unable to claim a "tip credit," they were required to compensate the Plaintiff whom they employed, and others similarly situated, with at least the full FLSA and Florida minimum wage for each regular hour worked, and time and one half the minimum wage for overtime hours, less amounts already paid in wages.

35. During the relevant time period, the Florida minimum wage was: $7.67 in 2012; $7.79 in 2013; $7.93 in 2014; $8.05 in 2015 and 2016; and $8.10 in 2017.

36. During the relevant time period, the federal minimum wage was $7.25.

37. The Defendants also had a policy or practice of not paying bartenders for their hours worked in excess of 40 hours per week, at a rate of time-and-one-half their regular hourly rate.

38. The Plaintiffs and others similarly situated were not permitted to clock in for and were not paid wages for required meetings, for training, for decorating the pub and outdoor area of the motel, and for clean-up sessions.

6

39. The Plaintiff and others similarly situated were provided with two or three t-shirts with the company logo, but were required to purchase additional replacement shirts as their own expense.

40. Defendants failed to keep accurate time records regarding the hours worked by the Plaintiff and others similarly situated, as required by the FLSA.

41. The Plaintiff has retained Bober & Bober, P.A. to represent him in this action and is obligated to pay reasonable attorney's fees and costs if he prevails.

42. All conditions precedent to filing this action, if any, have been satisfied.

## COUNT I

## COLLECTIVE ACTION FOR PLAINTIFF AND OTHER EMPLOYEES SIMILARLY SITUATED PURSUANT TO 29 U.S.C. 216(b)

## FLSA MINIMUM WAGE VIOLATION, 29 U.S.C. §206

43. The Plaintiff realleges Paragraphs 1 through 36 and 38 to 42 as if fully stated herein.

44. Pursuant to 29 U.S.C. § 216, the Plaintiff is provided a statutory right to bring this action on behalf of himself and other employees similarly situated.

45. The proposed class members worked for Defendants at BOURBON and NEW ORLEANS located in Key West, Florida.

46. By availing themselves of an unlawful "tip credit," it was the policy or practice of the Defendants not to pay their bartenders in conformance with the FLSA.

47. Bartenders, including the Plaintiff, working for the Defendants were subjected to Defendants' company-wide policy or practice of retaining the tips of bartenders for alleged shortages, customer walk outs, and declined credit cards. The fact that Plaintiff and others similarly

situated were not able to retain their tips for those reasons renders invalid the tip credit the Defendants took against payment of the full minimum wage.

48. Defendants failed to notify the Plaintiff and others similarly situated of the tip credit provisions.

49. The Plaintiff and other bartenders were subjected to Defendants' company-wide policy or practice of not being able to clock in for all shifts or the entire shift, or of being required to perform other off-the-clock work, thereby being deprived of minimum wages for regular hours worked.

50. The Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §203(m).

51. Defendants willfully engaged in practices that violated the FLSA's minimum wage provisions.

52. Plaintiff and the proposed class of similarly situated bartenders were subjected to similar violations of the FLSA's minimum wage provisions. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) for alleged minimum wage violations is defined as:

> **All persons who worked for the Defendants as bartenders during the past three (3) years, who were not paid a direct wage of at least the *full* minimum wage for hours worked.**

53. The size of the class and identity of the FLSA Class can be ascertained from the business records of Defendants.

WHEREFORE, Plaintiff respectfully request, on behalf of himself and other similarly situated bartenders, that a collective action be certified and that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FLSA;

b. Awarding the Plaintiff and other employees similarly situated, minimum wage compensation, and other benefits in the amount calculated;

c. Awarding the Plaintiff and other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding the Plaintiff and others similarly situated a recoupment of tips and other monies unlawfully paid to the Defendants;

e. Awarding the Plaintiff and other employees similarly situated attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding the Plaintiff and employees similarly situated post-judgment interest; and,

g. Awarding such other and further relief as this Court deems just and proper.

## COUNT II

### COLLECTIVE ACTION FOR PLAINTIFF AND OTHER EMPLOYEES SIMILARLY SITUATED PURSUANT TO 29 U.S.C. §216(b)

### FLSA OVERTIME VIOLATION, 29 U.S.C. §207

54. Plaintiff realleges Paragraphs 1 through 23, 33, 34, 37, 38, and 40 to 42 as if fully stated herein.

55. Pursuant to 29 U.S.C. §216, the Plaintiff is provided a statutory right to bring this action on behalf of himself and other employees similarly situated.

56. The Defendants employed Plaintiff, and other similarly situated bartenders who, like the Plaintiff, functioned in serving drinks to the Defendants' customers.

57. The proposed class members worked for Defendants at Bourbon Street Pub and New Orleans House of Key West in Key West, Florida.

58. In addition to his normal regular work week, the Plaintiff and certain other similarly situated bartenders, worked additional hours in excess of forty (40) per week for which they were not properly compensated at the statutory rate of time and one-half the applicable regular hourly rate.

59. The Plaintiff and other similarly situated bartenders, were entitled to be paid at the rate of time and one-half the applicable regular hourly rate for hours worked in excess of the maximum hours provided for in the FLSA.

60. Defendants failed to pay Plaintiff and certain other similarly situated bartenders overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

61. The Plaintiff and other similarly situated bartenders were entitled to be paid at the correct rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

62. Records, if any, concerning the number of hours worked by bartenders and the actual compensation paid to them are in the possession and custody of the Defendants. The Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case.

63. Defendants willfully engaged in practices that violated the overtime provisions of the FLSA as evidenced by their failure to compensate bartenders, at the correct statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week.

64. Defendants failed to properly disclose or apprise Plaintiff and other similarly situated bartenders of their rights under the FLSA.

65. The Plaintiff and the proposed class were subjected to similar violations of the FLSA's overtime provisions. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) for alleged overtime wage violations is defined as:

> **All persons who worked for Defendants as bartenders during the past three (3) years, and who were not paid at least the applicable overtime pay rate of time and one half the applicable hourly regular rate of pay pursuant to the FLSA for hours worked over forty (40) in a workweek.**

66. The size of the class and identity of the FLSA Class can be ascertained from the business records of Defendants.

67. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff and others similarly situated are entitled to liquidated damages pursuant to the FLSA.

68. Due to the unlawful acts of Defendants, the Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

69. The Plaintiff and the Class are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated bartenders, respectfully request that a collective action be certified and that judgment be entered in his favor and other employees similarly situated and against the Defendants:

a. Declaring that Defendants, have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff and others similarly situated overtime compensation in the amount calculated;

c. Awarding Plaintiff and others similarly situated liquidated damages in the amount calculated;

d. Awarding Plaintiff and others similarly situated reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff and others similarly situated post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT III

## CLASS CLAIM

### CLASS CLAIM FOR UNPAID MINIMUM WAGES – ARTICLE X, §24, FLORIDA CONSTITUTION

**(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

70. Plaintiff and the Class reallege paragraphs 1 through 36, 38 to 42, and 47 to 49, as if fully set forth herein.

71. This Count is brought pursuant to and arising under Article X, §24 of the Florida Constitution.

72. Claims for violations of the Florida Minimum Wage Amendment may be brought as a class action. See Art. X, § 24 of the Fla. Const.

73. The Plaintiff brings this count as a class action against all Defendants on behalf of himself and a putative Class consisting of:

> **All persons who worked for the Defendants as bartenders during the five (5) years preceding this lawsuit, who were not paid a direct wage of at least the full Florida minimum wage for hours worked pursuant to Article X, §24 of the Florida Constitution.**

74. The definition of the Class as set forth above is subject to amendment upon completion of discovery.

75. <u>Numerosity</u>: The Class, as defined above, is so numerous as to make joinder impractical and judicially inefficient. The exact number of affected individuals can be determined by reviewing Defendants' records. Upon information and belief, during the relevant time period, more than fifty (50) bartenders have been employed at BOURBON and NEW ORLEANS. Many of these affected workers, having identical claims to the named Plaintiff, are former employees.

76. <u>Commonality</u>: Plaintiff's claims involve questions of law and fact common to each member of the Class, which include, but are not limited to:

   a. whether Defendants had a policy or practice of retaining a portion of bartenders' tips when there was an alleged shortage in the Defendants' cash register; when patrons "walked out" without paying their bill; or when a credit card was declined, thereby rendering the tip credit invalid;

b. whether Defendants provided bartenders with notice of the tip credit provisions in accordance with Fla. Const. Article X, § 24(c), which incorporates the FLSA's tip credit requirements;

c. whether Defendants had a policy or practice of not permitting the Plaintiff and other bartenders to clock-in for some of their shifts, and whether Defendants failed to pay bartenders the required wage for all shifts;

d. whether the above-alleged wage policies or practices violate Article X, §24 of the Florida Constitution;

e. whether Defendants' conduct is in willful violation of Fla. Const. Art. X, §24.

f. Whether the Plaintiff and the Class have sustained damages, and if so, the proper measure thereof.

77. Common questions of law and fact exist as to all members of the proposed Class, including the Plaintiff, and predominate over any questions affecting solely individual members of the Class.

78. The relief sought by the Plaintiff and the Class is common to the entire Class:

   a. Payment by the Defendants of actual damages caused by their failure to pay the minimum wages pursuant to the Florida Constitution;

   b. Payment by the Defendants of liquidated damages;

   c. Recoupment of tips unlawfully retained by the Defendants; and

   d. Payment by the Defendants of reasonable attorney's fees and costs.

79. <u>Typicality</u>: The named Plaintiff's claims are typical of the claims of the members of the Class because the Plaintiff, like all members of the class, worked for Defendants, and was

not paid the required minimum wage due to the uniform policy or practice of requiring bartenders to pay the Defendants for customer walkouts, alleged cash register shortages, and declined credit cards, was being required to work off-off-the-clock, and was not notified of the tip credit provisions.

80. <u>Adequacy:</u> The named Plaintiff will fairly, adequately protect the interests of the Class. The Plaintiff has no relationship with Defendants except that he was formerly employed by them. The Plaintiff will vigorously pursue the claims of the Class. The named Plaintiff has no adverse interest to the proposed absent class members because he asserts the same claims under the same provisions of the Florida Constitution, and seeks the same relief as would the absent class members if each were to bring an individual action.

81. The Plaintiff has retained counsel competent and experienced in class actions and wage and hour law, and Plaintiff's counsel has no conflict of interest with other class members in the maintenance of this class action.

82. The Plaintiff knows of no difficulty in managing the litigation that would preclude class maintenance.

83. <u>Predominance:</u> Class certification is appropriate because the Florida minimum wage claims alleged on behalf of the class predominate over any questions of law or fact affecting individual class members. The predominant questions of law and fact are clear, precise and well-defined, and applicable to the named Plaintiff as well as all absent members of the proposed class.

84. <u>Superiority:</u> Class representation is superior to other available methods for fair and efficient adjudication of the controversy for a number of reasons, including, but not limited to, the following: (1) the case challenges the policy of an employer, and many employees may be

reluctant to bring claims for fear of retaliation; (2) some class members may have worked for the Defendants for a short period of time and their damages may not be substantial enough to be worth bringing an individual claim; (3) class members do not have the resources to bring their claims individually; and (4) it would be inefficient to use scarce judicial resources to require each employee affected by the policy or practices challenged in this lawsuit to bring his or her individual claim.

85. Alternatively, the Class as defined herein is maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure in that:

    a. Inconsistent or varying adjudications of Defendants' wage practices with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants;

    b. Class certification will not establish incompatible standards of conduct for the Defendants because if any of the wage practices is determined to be invalid, Defendants need only (a) stop taking server and bartender tips to cover customer walk-outs, alleged cash register shortages or declined credit cards, or fulfill the requirements for taking a tip credit, (b) pay the Plaintiff and the Class members the tip credit deducted from their minimum wage for the relevant time period and the unlawfully retained tips; (c) pay bartenders for all shifts worked and/or (d) properly notify bartenders of the tip credit provisions;

    c. Adjudication of the policy/practice of Defendants retaining bartender tips, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests. The Class as defined herein is certifiable.

Defendants have acted on grounds generally applicable to the Class in that they have acted in a uniform manner company-wide with respect to all members of the Class, thereby making declaratory and or injunctive relief concerning the Class as a whole appropriate. Plaintiff and the Class were similarly subjected to a uniform policy or practice of having a tip credit deducted from their full minimum wages, in addition to requiring Plaintiff and the Class to work shifts without compensation. Moreover, the Plaintiff and the Class were subject to a generally applicable, uniform pay practice/policy where in Defendants retained a portion of their tips to make up for alleged cash register shortages, customer walk-outs, and declined credit cards, and were not properly notified of information required prior to Defendants taking a tip credit.

86. The Plaintiff and the Class are entitled to recover damages, liquidated damages, equitable relief, post-judgment interest, and attorneys' fees and costs as result of Defendants' conduct in violation of the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution.

87. Damages may be calculated from the payroll records and other records maintained in Defendants' offices to the extent that they are accurate and from testimony, so that the cost of administering a recovery for the class can be minimized.

88. The class members were entitled to be paid the full, applicable Florida minimum wage for each hour worked during their employment with Defendants because the tip credit the Defendants took was invalid, and because they were not paid for all hours worked.

89. During the time each class member was employed by Defendants, the Defendants failed to pay the Plaintiff and each Class member their full Florida minimum wages due.

90. Defendants' pay practices violated Fla. Const. Art. X, §24.

91. Defendants' failure to pay the Plaintiff and class members the full, applicable Florida minimum wage violated Article X, §24 of the Florida Constitution.

92. Defendants' minimum wage violations were willful.

93. Pursuant to Article X, §24 Fla. Const., the Plaintiff and the Class members are entitled to the full Florida minimum wage for each hour worked, an equal amount of liquidated damages, compensatory damages which recoup their tips and other monies retained by Defendants, equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the Court:

a. certify the class pursuant to Fed.R.Civ.P. 23,

b. designate the named Plaintiff as representative of the class and Plaintiff's counsel as class counsel;

c. find that during the relevant time period Defendants violated Fla. Const. Art. X, §24 by failing to pay the Plaintiff and the class members the applicable Florida minimum wage for hours worked;

d. find that during the relevant time period Defendants acted willfully;

e. award the Plaintiff and members of the Class unpaid minimum wages;

f. award the Plaintiff and members of the class an equal amount in liquidated damages;

g. award the Plaintiffs and members of the class compensatory damages in an amount equal to the tips and other monies unlawfully retained by Defendants;

h. award the Plaintiff and members of the class reasonable attorney's fees and costs;

i. award post-judgment interest; and,

j. award such other and further relief as the Court may deem proper.

k. Require Defendants to pay $1,000.00 to the State of Florida for each willful violation found, pursuant to Art. X §24(e).

## JURY DEMAND

The Plaintiff individually and on behalf of the Class demands trial by jury as to all claims so triable.

Dated: February 21, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

/s/. Peter Bober
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248