UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:17-cv-10023-MOORE/McAliley

TIMOTHY REYNOLDS, for himself and
others similarly situated,

Plaintiff,

v.

BOURBON STREET PUB, INC., a Florida corporation,
NEW ORLEANS HOUSE OF KEY WEST, INC., a Florida
corporation, and JOSEPH J. SCHROEDER, an individual,

Defendants.

_____/

**ORDER**

This cause is before the Court on Plaintiff's unopposed motion seeking (1) certification

of the proposed settlement class; (2) appointment of Named Plaintiff, Timothy Reynolds as class

representatives and Plaintiff's counsel, Bober & Bober, P.A., as Class Counsel for the settlement

class; (3) preliminary approval of the settlement; (4) authorization of Notice to the Settlement

Class and the setting of a date and time for the Final Fairness Hearing; and (5) Reopening the

Case. Upon consideration of the Motion, and following review of the Parties' Settlement

Agreement entered into on July 28, 2017, the Motion is GRANTED IN PART and DENIED IN

PART, as follows:

**I.        Conditional Certification of the Proposed Rule 23 Settlement Class**

For purposes of this settlement, the Court certifies under Federal Rule Civil Procedure

23(a) and 23(b)(3) a settlement class, which will consist of:

> All bartenders who worked for the Defendant Bourbon Street Pub, Inc. located at
> 724 Duval St, Key West, Florida at any time from February 21, 2012 to February

21, 2017 who were not paid a direct wage of at least the full Florida minimum wage for hours worked. ("Settlement Class").

The Court specifically finds, for purposes of settlement only, that class certification is proper because (a) the settlement class is so numerous, making joinder of all members is impractical; (b) there are common questions of law or fact common to the settlement class; (c) the claims of the representative party are typical of the claims and defenses of the settlement class; and, (d) the representative party will fairly and adequately protect the interests of the settlement class. The Court further finds that common questions of law and fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

If the settlement is not given final approval by this Court, or fails to be effective in accordance with the terms of the Settlement Agreement, this conditional class certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Effective Date of the Settlement, this class certification shall become unconditional.

The Court finds Named Plaintiff Timothy Reynolds to be an adequate class representative for purposes of settlement and appoints him as class representative.

## II.      Appointment of Plaintiff's Counsel as Class Counsel

On behalf of the Plaintiff and settlement Class, the Court appoints Bober & Bober, P.A. as Class Counsel for the Settlement Class, and finds they meet the requirements under Fed.R.Civ.P. 23.

## III.     Preliminary Approval of Settlement

In evaluating the Motion for preliminary approval and the Settlement Agreement, the Court preliminarily approves the Settlement Agreement, finding preliminarily that the terms and

conditions of the settlement are fair, reasonable, and adequate (subject to notice and final hearing) in that it was reached through arms-length negotiations with counsel well-versed in the prosecution of wage and hour class and collective actions, and not the result of collusion.

**IV.   Notice**

The Court approves the form and content of the Notice of Settlement, attached to the Settlement Agreement as Exhibit 1. The Court finds that the transmission of the Notice to the Settlement Class as proposed by the parties in the Settlement Agreement meets the requirements of due process and Fed.R.Civ.P. 23(d) and 23(e), and adequately puts Class Members on notice of the proposed settlement. The Court directs distribution of the Notice of Settlement to the Class in accordance with the Settlement Agreement.

**V.        Class Action Settlement Procedures**

The Court appoints Simpluris as Settlement Claims Administrator. The Settlement Claims Administrator shall file a report with the Court informing the Court of the completion of the administration of the Settlement.

Each Settlement Class Member shall be given the right to request exclusion from this Settlement. In order to opt out of the settlement, the Class Member must send correspondence to the Claims Administrator so that it is received no later than forty-five (45) days after the initial mailing of the notice stating that he/she would like to be excluded from the settlement. This correspondence should include the class member's name, address and phone number, and should state: (1) that he/she is requesting to be excluded from the proposed class settlement in the case *Timothy Reynolds v. Bourbon Street Pub, Inc. et at.,* Case No. 4:17-cv-10023-MOORE/ McAliley; and (2) that he/she understands that by opting out of the settlement, he/she will receive no funds in conjunction with the case and will not be bound by the resolution of this

case. Any Settlement Class Member who fails to exclude himself or herself in the manner prescribed above shall be bound by the settlement.

Each Settlement Class Member shall be given the right to object to the settlement by filing an objection, and, if he or she so desires, appearing at the final fairness hearing. To object to the settlement, the class member must send a written objection to the Claims Administrator so that it is received no later than forty-five (45) days after the initial mailing of the notice, stating that he/she objects to the settlement and must include in the correspondence: (1) his or her name, address, and telephone number, and (2) a statement of his or her views and the reasons for the objection, with any supporting documentation. Any class member who fails to object in the manner prescribed above shall be deemed to have waived his or her objections, if any, and shall forever be barred from making any objections in this action or any other action or proceeding pertaining to the claims in this action. Counsel for the parties will bring to the Court's attention all objections received.

The filing of an objection shall not operate as a request for exclusion and no Settlement Class Member shall be excluded from the settlement by virtue of filing an objection. If the Court approves the settlement over any Class Members' objection, he/she will be bound by the settlement and will receive his or her share from the settlement funds.

Within five (5) business days of this Order, counsel for Defendant, Bourbon Street Pub, Inc. shall provide the Settlement Claims Administrator and Plaintiff's Counsel, in Excel electronic format, a list containing the name, last known mailing address, phone number, email address (if known), date of birth, and Social Security number of all potential class members. Within seven (7) business days of preliminary approval of this Agreement, Plaintiff's Counsel

shall also provide the Settlement Claims Administrator with any updated addresses and phone numbers of which they are aware for any potential Class Members.

At least five (5) days before the final fairness hearing, Plaintiff shall file a Motion for Final Settlement Approval and their Petition for Approval of Reasonable Attorneys' Fees, Costs, and Litigation Expenses.

The final approval hearing shall be held on 5th day of February, 2018, at 10:00 a.m. for the purposes of determining whether the settlement is fair, reasonable and adequate, whether it is in the best interests of the Settlement Class, and whether it should be approved by the Court. The hearing will take place before the Honorable K. Michael Moore at the United States District Courthouse, 301 Simonton Street, Key West, Florida 33040.

The Parties shall abide by all the terms of the Settlement Agreement. The case shall remain closed.

**DONE AND ORDERED** in in Chambers in Miami, Dade County, Florida, this 20th day of October, 2017.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE