UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 4:17-cv-10023-MOORE/McAliley

TIMOTHY REYNOLDS, for himself and
others similarly situated,

        Plaintiff,

v.

BOURBON STREET PUB, INC., a Florida corporation,
NEW ORLEANS HOUSE OF KEY WEST, INC., a Florida
corporation, and JOSEPH J. SCHROEDER, an individual,

        Defendants.

_____/

**FINAL ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR FINAL APPROVAL OF SETTLEMENT AND UNOPPOSED
MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS
AND EXPENSES, AND DISMISSING CASE WITH PREJUDICE**

THIS CAUSE came before the Court on February 5, 2018 for a Final Fairness Hearing on

Plaintiff's Unopposed Motion for Final Approval of Settlement, and upon Plaintiff's Unopposed

Motion for Award of Attorneys' Fees, Costs and Expenses.  Samara Bober, Esq. and Peter

Bober, Esq., counsel of record for the Plaintiff and the Class, and Christopher Deem, Esq.,

counsel of record for the Defendants, along with the Parties, were present at the Fairness

Hearing.

On October 23, 2017, the Court issued an Order:  (1) certifying, for settlement purposes

only, a class consisting of all bartenders who worked for the Defendant Bourbon Street Pub, Inc.

located at 724 Duval St, Key West, Florida at any time from February 21, 2012 to February 21,

2017 who were not paid a direct wage of at least the full Florida minimum wage for hours

worked, ("Settlement Class"); (2) appointing Named Plaintiff, Timothy Reynolds, as Class

1

Representative and Bober & Bober, P.A. as Class Counsel; (3) preliminarily approving the proposed Class Action Settlement; (4) approving the proposed notice of the settlement and authorizing the notice to be sent out to class members, giving them an opportunity opt out of or object to the Settlement; and, (5) scheduling a Final Fairness Hearing for February 5, 2018. Notice has been issued to the Class in accordance with the terms of the Settlement Agreement by mail, email where available, by advertising in the Key West Citizen newspaper, and by posting the Notice at Bourbon Street Pub's office.  The January 4, 2018 deadline to submit objections to and exclusions from the Settlement has passed.  There were no timely objections to the Settlement.  Two individuals submitted timely requests for exclusion, and putative class member, Wade Hoffman, submitted an untimely request for exclusion, which will be addressed below.

Accordingly, upon consideration of the Plaintiff's Unopposed Motion for Final Approval of Settlement, the Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses, the Parties' Settlement Agreement, the authorities set forth in Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement, and the presentation by counsel at the Fairness Hearing on February 5, 2018, it is hereby

ORDERED AND ADJUDGED as follows:

1.      In its Order (ECF No. 56), the Court conditionally certified the Settlement Class under Fed.R.Civ.P. 23 and the Fair Labor Standard Act ("FLSA").  In entering this Order, the Court has again considered the class certification requirements of Rule 23, and again finds that these requirements are satisfied in this case.

2.      Pursuant to Fed.R.Civ.P. 23(a), the Court finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) the Named Plaintiff's claims are typical of the claims of all Class Members; and,

(d) the Named Plaintiff and Class Counsel have fairly and adequately represented and will fairly and adequately protect the interests of the Class.

3.      The Court further finds pursuant to Fed.R.Civ.P. 23(b)(3) that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy.  In arriving at this latter conclusion, the Court has considered the following: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and, (d) the difficulties likely to be encountered in the management of a class action.

4.       Accordingly, the Court certifies for settlement purposes only, pursuant to Rule 23 and the FLSA, a class consisting of all bartenders who worked for the Defendant Bourbon Street Pub, Inc. located at 724 Duval St, Key West, Florida at any time from February 21, 2012 to February 21, 2017 who were not paid a direct wage of at least the full Florida minimum wage for hours worked.

5.      In its Order (ECF No. 56) preliminarily approving the Settlement and its Order (ECF No. 58) approving an amended Notice, this Court preliminarily approved the Notice, finding that the form and content thereof satisfied the requirements of due process, Fed.R.Civ.P. 23, the FLSA, and the rules of this Court.

6.      The Claims Administrator timely mailed the Notices to Class Members on November 20, 2017, by first class mail, postage prepaid, to all Class Members at their last known addresses after checking those addresses in the National Change of Address Database, and also

emailed the Notice to Class Members to the extent email addresses were provided by Defendants.  The Notice was also published in the Key West Examiner newspaper and posted in the office of Bourbon Street Pub.  The Court finds such methods of notice were the most practicable under the circumstances.

7.     This Court has again reviewed the Notice and finds that the Notice given to the Settlement Class members satisfies the requirements of due process, and holds that it has personal jurisdiction over all Settlement Class members.

8.     The proposed Class Action Settlement is hereby APPROVED and adopted as fair, reasonable, and adequate. In reaching its decision in this case, the Court has considered the Settlement Agreement, and other relevant documents in support of the fairness, reasonableness, and adequacy of the Settlement Agreement.  The Settlement amounts fairly and adequately compensate class members for the claims asserted in this case, and the Settlement is in the best interest of the Class.

9.     The Court construes Wade Hoffman's untimely submission as a request for exclusion, and permits the exclusion.  Plaintiff and Defendants do not object to Hoffman's untimely request for exclusion.  Therefore, Wade Hoffman, Billie Bowman, and Ryan Acker, all of whom have submitted requests for exclusion, are hereby excluded from the Settlement.

10.     There have been no timely objections to the Settlement by Class Members. Hoffman's submission was submitted after the January 4, 2018 deadline.  Moreover, the Court does not construe Hoffman's submission as an objection to the Settlement, but rather as a request for exclusion.  In the alternative, even if construed as an objection, the Court will not consider it because Hoffman has opted out of the Settlement and, therefore, lacks standing to object.

Further, even if Hoffman's submission was construed as an objection, the Court finds that it lacks merit.

11.     All Class Members who did not opt out of the Settlement shall be bound by the Settlement.

12.     The Service payment of $3,500.00 to the Named Plaintiff, Timothy Reynolds, is approved as reasonable compensation for his work in pursuing this case on behalf of the Class.

13.     The Court hereby directs that the payments to the Settlement Class be made based on the formula set forth in the Settlement Agreement, and be distributed in accordance with the terms of the Settlement Agreement.  The Court further directs that the payment to Ryan Demo in exchange for his release be made consistent with the terms of the Settlement.

14.     Class Members who do not opt out of the Settlement shall release Defendants against all minimum wage claims under Article X, §24 of the Florida Constitution and the Florida Minimum Wage Act, Florida Statute §448.110 for any minimum wage claims asserted in the Complaint in this case for the time period of February 21, 2012 to February 21, 2017. Any Class Member who does not opt out of the Settlement and who endorses, deposits, or cashes a settlement check also shall release claims pursuant to the Fair Labor Standards Act for overtime and minimum wages asserted in the Complaint in this case from February 21, 2014 to February 21, 2017.

15.     The Court finds that the attorneys' fees, costs and litigation expenses in the agreed to amount of $70,000.00 are fair and reasonable, and the Court authorizes and directs payment of that amount as fees and cost in accordance with the terms of the Settlement.  It is well-settled that where a representative party has conferred a substantial benefit upon a class, class counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained.  *Camden I*

*Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). District courts in the Eleventh Circuit regularly approve class counsel fee awards between 20% to 30% or greater. The Court finds Class Counsels' requested attorneys' fees and costs in the amount of $70,000.00, representing 24% of the settlement amount, to be reasonable given that Class Counsel conferred a substantial benefit upon the Class.

16.     Defendants shall pay the Settlement Administrator, Simpluris, up to $7,500.00 for their services as claims administrator, consistent with the terms of the Settlement Agreement.

17.     The employer's share of payroll taxes or contributions due on the back-pay portion of the Settlement shall be calculated and paid by Defendants, consistent with the terms of the Settlement.

18.     Any amounts from the settlement checks not cashed or otherwise negotiated within 120 days after the settlement checks are mailed shall be paid to the Florida Department of Financial Services' Bureau of Unclaimed Property, consistent with the terms of the Settlement Agreement.

19.     Defendants are directed to provide documentation to the Claims Administrator of any settlement checks that are endorsed, deposited, or cashed so that the Claims Administrator can provide reports of such activity to the Class Counsel, consistent with the terms of the Settlement. Defendants shall also provide documentation to Class Counsel of any amounts paid to the Florida Department of Financial Services' Bureau of Unclaimed Property for any uncashed checks of Class Members.

20.     The Court retains continuing jurisdiction to enforce the terms of the Parties' Settlement Agreement, supervise the administration and distribution of the resulting settlement

fund, hear and adjudicate any dispute, enforcement, or litigation arising from or related to the Settlement or this Order, and for any other necessary purpose.

21.    New Orleans House of Key West, Inc. is hereby **DISMISSED** with prejudice from this case, consistent with the terms of the Settlement Agreement.

22.    This case is hereby **DISMISSED** with prejudice, consistent with the terms of the Settlement Agreement.

23.    The case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>1st</u> day of March, 2018.


_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record

7